## George Earle *vs.* Henry F. Turton et al.

PLEADING IN EQUITY: JURISDICTION IN EQUITY: PRACTICE IN EQUITY: SALE,—RATIFICATION OF AND EXCEPTIONS TO.—A bill alleged that the complainant was entitled to have partition of certain real estate among the parties interested, and charged that it would be "for the interest and advantage of all the parties interested, and especially of the minor heirs, that the lands be sold and the proceeds divided among the parties as they are respectively entitled, and the shares of the said minors invested in some productive fund for their benefit." The prayer of the bill was for a decree for the sale of the land and for general relief. The land having been sold under a decree, and the sale ratified *nisi*, the purchaser filed exceptions to the sale.—HELD:

1st. That under the decision in *Tomlinson vs. McKaig*, 5 *Gill*, 256, this bill may be considered as a bill for partition; that as such the Court clearly had jurisdiction of the cause, and under the prayer for general relief might have decreed a partition, although not specifically prayed; or upon proof that the land could not be divided without loss and injury to the parties have decreed a sale.

2nd. That under a proper construction of Art. 16, sec. 99 of the Code, to justify the Court in passing a decree of sale in such case, it ought to be satisfied by the proof that the land cannot be divided without loss or injury to the parties interested.

3rd. That the want of proof of a material fact to support the decree renders it liable to be hereafter impeached by the infants upon a bill of review filed after they shall have attained full age, or by *prochein ami* during their infancy; and that this is a sufficient reason why a purchaser filing exceptions to the ratification of a sale under the decree in such case, should not be compelled to pay the purchase money and accept a deed from the trustee.

4th. That it would be inequitable to hold a purchaser to his contract, and compel him to take a title, in which the Court can see upon the face of the proceedings, he is liable to be hereafter disturbed by infant parties, upon grounds of defect in the proceedings manifest on their face, or upon proof, under a bill of review, of facts that cannot possibly be within his knowledge.

APPEAL from the Circuit Court for Anne Arundel county.

This appeal is taken from an order of the Court below overruling the appellant's exceptions to the ratification of the sale made to him under the decree in the case, and finally ratifying such sale.

The bill in this case was filed by some of the heirs-at-law of William H. Turton, deceased, against the others, for a partition of the real estate of which the said Turton died seized and possessed. The bill alleges that the said Turton died seized and possessed of about six hundred

acres of land, more or less, which has descended to the aforesaid heirs-at-law, some of whom are minors, as tenants in common ; "and your orator charges that he is entitled to have partition of said real estate made among all the parties entitled. But he charges, as next friend of said above named minors, that it will be to the interest and advantage of all the parties interested, and especially of the minor heirs, that the said real estate be sold, and the proceeds divided among the parties as they are respectively entitled, and the shares of said minors invested in some productive fund for their benefit." The bill prays for a sale, and for general relief.

The adult defendants answered, admitting the facts charged in the bill, and assenting to a decree for a sale for the purpose of partition. The infants answered by guardian. All of the witnesses examined under the commission testified that it was their belief that it would be for the interest and advantange of all the parties interested, and especially of the minor heirs, that the land should be sold.

Upon this bill, answers and proof, a decree was passed July 6th, 1865, decreeing, "that the real estate, in the proceedings mentioned, be sold for the purpose of partition between the parties," and appointing a trustee to make the sale. The sale was made to the appellant, and ratified *nisi ;* but before final ratification, on the 6th of July, 1866, he filed the following exceptions to the sale.

This exceptant objects to the final ratification of said sale, and assigns the following reasons therefor :

1. Because the bill as filed in this cause contains no allegation that the lands and tenements prayed to be sold cannot be divided without loss or injury to the parties interested, without which allegation, or some equivalent one, this Court had no authority to decree the sale.

2. Because it does not appear from proof taken in this cause, or in any other way, that the said lands and tene-

ments cannot be divided without loss or injury to the parties interested, several of whom are minors ; on the contrary, it appears that the trustee employed a surveyor and had said lands divided into four parcels.

3. Because there is no averment in the bill sufficient to give this honorable Court jurisdiction.

4. Because of numerous errors and omissions apparent on the face of the bill, and other papers filed among the proceedings in this cause, rendering the decree and subsequent proceedings null and void.

This exceptant therefore prays that the said sale, instead of being ratified, may be vacated and set aside.

GEORGE EARLE,<br>Purchaser and Exceptant.

The cause being submitted upon these exceptions, the Court below, (MAGRUDER, J.,) filed the following opinion:

"The ratification of the sale is insisted on by the parties who are of age, and by the trustee, and the case was argued on their behalf. On the part of the purchaser the exceptions were maintained solely for his own protection, in case the validity of the proceedings cannot be maintained. The decree was passed on the 6th of July, 1865, (during the July term,) and since then, the October, January and April equity terms have passed, and another term (the present July term,) has commenced, during all of which time the decree has remained without appeal and without objection. All the parties who are of age have assented to a decree, and the time for an appeal has passed, and no time is by law given to the infants within which to appeal after they shall have arrived at age, so that if the Court had jurisdiction to pass the decree, all the parties are absolutely bound thereby, and (according to all the decisions,) the Court now possesses no power over its decree to annul the same, except by bill of review for error apparent on the face of the decree, or for some new matter

discovered since the decree, or by an original bill to annul the same for fraud. *Tomlinson vs. McKaig*, 5 *Gill*, 277.

"The exceptions are filed by the purchaser, and raise the question of the jurisdiction of the Court to pass the decree ; the trustee reports that after full notice he offered the land at public sale on two occasions, in August, 1865, and March, 1866, without receiving a sufficient bid, and that he finally effected a sale to the exceptant at a private sale, the trustee undertaking on his own responsibility to make certain covenants and agreements with the purchaser, which being without authority, need not be further noticed than as serving to show that the purchaser's attention was then directed to questions as to the validity of the authority under which the trustee was acting, and that he has deliberately placed himself in the position from which he now asks to be relieved, after having previously had full opportunity to examine into the title which he was undertaking to purchase.

"The question then presents itself, is the decree null and void for want of jurisdiction in the Court to pass it ? By the Act of 1785, ch. 72, sec. 12, the Court is authorized to decree a sale of lands held by infants jointly with other persons, in case it shall appear to be for the interest and advantage of all the parties to have the sale, and the foundation of the jurisdiction being the fact of its being to the interest of the parties to sell, it has frequently been decided that to maintain a decree in such case there must be an averment to that effect. *Tomlinson et al. vs. McKaig*, 5 *Gill*, 274. *Mewshaw vs. Mewshaw*, 2 *Md. Ch. Dec.*, 13. *Bolgiano vs. Cooke et al.*, 19 *Md. Rep.*, 392. *Billingslea vs. Baldwin & Wife*, 23 *Md. Rep.*, 85.

"In this case, however, the proceeding is under the Code, which has made some changes in the law ; as it previously existed before the Code, questions frequently arose as to whether the jurisdiction of the Court in such cases was to

be maintained under the Acts of 1785, ch. 72, 1816, ch. 154, and 1818, ch. 193, and other Acts in *pari materia*, or under the descent law of 1820, ch. 191. *Chaney vs. Tipton*, 11 *G. & J.*, 253. *Id.*, 3 *G*, 327. *Phelps vs. Stewart*, 17 *Md. Rep.*, 239. By the Code, the proceeding on the law side of the Court, under the Act to direct descents, is incorporated in Art. 47, entitled "Inheritance," which regulates the course of descent and the mode of division and election, and other proceedings upon the petition of any of the parties entitled. The Acts of 1816 and 1818, for the sale of infant's lands, are codified in secs. 36, &c., headed ("Infants") of Art. 16, entitled ("Chancery,") which sections provide for the sale of lands held only by infants, under decree of Courts of equity jurisdiction. All other equity jurisdiction in reference to the partition and sales for partition of land is embraced in and regulated by sec. 99 of the same Art. 16, under the head of "Partition," and relating to lands, held by descent or by purchase, and owned by infants alone, by adults alone, or by infants and adults jointly, and it is under this section that the jurisdiction in this case is to be maintained. The jurisdiction is denied in this case because of the want an averment in the bill that the land cannot be divided 'without loss or injury,' &c., in the same way that under the Act of 1785, an averment that it would be 'for the interest,' &c., was requisite.

"The subject matter provided for by this section is however essentially different from that presented by the Act of 1785, which provided only for a sale, and therefore, to authorize a sale, there had to be an averment of such facts as would give the Court authority to act, and without which the Court could not proceed at all; but here the jurisdiction is primarily for partition, and ultimately, upon it appearing that a partition cannot be had, then the Court is authorized to proceed to decree a sale.

"The bill alleges a descent, that some of the heirs are

adults and some infants, and that the parties are entitled to a partition, and then alleges 'that it will be for the interest,' &c., of all the parties to sell, &c., and prays for a sale, but also prays for further relief, &c.

"The true test in such case is said to be, would a demurrer lie to the bill? In this case it clearly would not, for the averments in the bill, with the prayer for further relief, would certainly be held sufficient to sustain the bill as a bill for partition. These averments clearly give the Court jurisdiction of the subject matter; how that jurisdiction should be exercised is a distinct question. The jurisdiction seems clearly maintainable by analogy with the case presented by *Tomlinson et al. vs. McKaig et. al.*, 5 *Gill*, 274, wherein the jurisdiction of the Court was maintained under the equitable powers possessed by the Court under the Act of 1820, ch. 191. In this case, upon the principles stated in the opinion, a case is certainly made out under the averments of the bill, and the prayer for further relief, for such action of the Court as is authorized by sec. 99 of Art. 16 of the Code, which is primarily to decree a partition, or ultimately, and as an incident of the jurisdiction, upon its appearing that the land cannot be divided, &c., to decree a sale. Upon the return of the commission to take testimony the Court may (upon proof of the preliminary facts necessary to authorize it,) pass an interlocutory decree for partition, and order a commission to issue for the purpose; but if the proof is sufficient to shew that a partition cannot be made without injury, &c., then the Court may decree a sale as an incident of the jurisdiction for partition; or unquestionably, upon the return of the commissioners with their opinion that the land could not be divided without loss or injury, &c., then the Court could decree a sale. That sufficient proof or the proper proceeding was not first had, does not affect the question of jurisdiction, which having once attached cannot be affected by any subsequent defect in the mode of procedure, or in the proof; and we

Earle *vs.* Turton et al.

are to conclude as the necessary inference that the Court, in passing the decree, assumed that there was proper and sufficient proof in the cause that a partition could not be effected without loss or injury, &c.

"If there be a defect in the proof upon which the decree is founded, can such defect be made a ground for setting aside a sale in all respects regular and proper so far as it appears to the Court? This point seems to be settled by the opinion of the Court of Appeals in *Bolgiano vs. Cook et al.,* 19 *Md. Rep.*, 390, which arose ( as in this case ) on exceptions by the purchaser to the ratification of the sale, because ( among other reasons ) of the want of jurisdiction ; and on this point the Court ( p. 395,) say : 'Jurisdiction having been acquired by the Court, it follows as a legal consequence, that the title of the purchaser to the interest of the parties decreed to be sold, cannot be affected by any apparent defect of proof. The law of the decree must be executed. It is binding upon all parties and privies unless reversed upon appeal. The circumstances that some of the defendants were minors does not make them an exception to the rule.' Here the time for an appeal has passed and no time is reserved to the infants by law within which they are allowed to appeal after arriving at age ; as it has been said in other cases, a bill of review or an original bill to set aside the decree for fraud, might be filed by the parties adult, or by the infants after coming of age ; but no suggestion of any danger of such a course, and no ground for apprehending such a contingency, is stated, ( see *Glenn vs. Clapp*, 11 *G. & J.*, 1 ; *Bolgiano vs. Cook*, 19 *Md. Rep.*, 396.) Very strong reasons should be shown to justify the Court in setting aside a sale at the instance of the purchaser, who seeks to be relieved from the sale solely on grounds which he had as full opportunity of knowing before as after the sale, and whose only connection with the case is from his only voluntary act, which, if the sale

should be set aside, would have had no other effect than to make him an actor in the case, for the sole purpose of shewing the invalidity of the decree under which he became purchaser, and under which alone could he have appeared before the Court in the matter.

"The effect of setting aside the sale now would be to leave the decree unreversed, and in full force and effect, and mandatory on the trustee to make another sale, unless the Court without any application for the purpose, should order a suspension of further proceedings, and wait an indefinite period for the remote contingency of some of the parties asking leave to file a bill of review. The only ground upon which a bill of review could be entertained, would be for want of proof. But a mode is provided by law for supplying such defective proof in case such a proceeding should be taken, for by sec. 113 of Art. 16 of the Code, it is provided, that under any bill of review, or other proceedings to set aside or reverse any order or decree passed in any case in which an infant or person *non compos mentis* was interested, on the ground that no testimony was taken to prove the allegations of the bill or petition filed in such case, or that no replication was put in, it shall be lawful for the person interested to supply said proof and pleas in the same manner as the same could have been furnished under such original bill or petition.

"A party may well purchase under a decree passed upon defective proof, knowing that if his rights should be called in question he can readily supply the requisite proof, and it seems but reasonable in a case like the present, where a purchaser deliberately buys upon a knowledge of the defect, or where such knowledge may be properly presumed, to impute to the purchaser knowledge of his right to produce the requisite proof in any proceeding to question the validity of the decree, and to presume that he has taken the risk of producing such proof.

"Upon the whole it seems a case in which, upon every reasonable ground, the doctrine of *"Caveat emptor"* should apply."

From this decision Earle, the purchaser and exceptant, appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Thos. S. Alexander* for the appellant argued:

1. That the decree under which the sale in question was made to the appellant cannot be supported as a decree passed by the Circuit Court in the exercise of jurisdiction conferred by the Code, XVI., 99, to decree a sale of lands held by parceners, on its being made to appear "that the lands cannot be divided without loss or injury to the parties." The averment in the present bill is, "that it will be to the interest and advantage of all the parties * * * * * that the real estate be sold." That those averments are not equivalent in legal import, was settled in *Tomlinson vs. McKaig*, 5 *Gill*, 256.

2. That the decree is not to be sustained, as passed by the Court incidentally in the exercise of its jurisdiction, to decree partition conferred by the Code, XLVII., 32, &c., &c.

In *Tomlinson vs. McKaig*, the bill averred facts which, if shown in the progress of the cause, would have warranted a decree for a sale. And it was held, that where the averments in the bill are sufficient in themselves to confer jurisdiction, their effect is not to be vitiated by another inappropriate averment, or an inappropriate prayer. 5 *Gill*, 276.

In the present case, the bill disclaims all purpose of asking for a partition. It does not state a case which, if proved, would justify a decree for a sale in a proceeding

commenced for the purpose of effecting a partition. On the contrary, it asks primarily for a sale, and on grounds which would justify a decree for a sale in a partition cause. We must therefore interpolate, as well as expunge, to create a case of jurisdiction.

Where specific relief is prayed, as a conclusion to a state of facts which looks to such relief exclusively, although there is likewise a prayer for general relief, the Court cannot give relief which is inconsistent with that which is specially asked. *Wilson vs. Graham,* 4 *Wash. C. C. Rep.,* 53.

Where the bill is for special relief, and contains likewise a prayer for general relief, the plaintiff may, under the latter prayer, obtain other relief, provided it is such relief as is agreeable to the case made by the bill. *Story's Eq. Pl., sec.* 40.

The propriety of the rule is strongly illustrated in *Chalmers vs. Chambers,* 6 *H. & J.,* 29, which concludes with a declaration that a bill made for one purpose cannot be made to answer another. The prayer for relief is therefore a part of the case stated, and enters as an element into the inquiry, whether the bill states a case for the exercise of the jurisdiction invoked?

3. Treating this case as instituted primarily for partition, the proceedings thereunder are incurably defective, and the decree for a sale might have been reversed on appeal; *Chaney vs. Tipton,* 11 *G. & J.,* 253; *Bennett vs. Bennett,* 5 *Gill,* 463; and is yet liable to be impeached by bill of review, or original bill, to set it aside on the ground of fraud, and this right on the part of the infants will continue until after they shall have attained their full age. *Tomlinson vs. McKaig,* 5 *Gill,* 256.

This liability of the title to impeachment renders it unmarketable, and constitutes an equity on the part of the purchaser to be relieved from his purchase.

*E. C. Gantt, O. Miller* and *James Revell* for the appellees.

This case is submitted on the part of the appellees upon the opinion of the Judge below, (ante pp. 25 to 31,) with this additional point in reply to the 3d point of the appellant:

That all the parties, being parties to this appeal in the record, would be bound by the decree of this Court affirming the order appealed from, in case the Court should decide to affirm. The Constitution makes the decision of this Court "final and conclusive" in all cases.

BARTOL, J., delivered the opinion of this Court.

If the proceedings in this case under which the decree in question was passed, had been instituted under the Act of 1785, ch. 72, there could be no question as to the jurisdiction of the Court to pass the decree. See *Tomlinson vs. McKaig*, 5 *Gill*, 256, and *Billingslea vs. Baldwin and Wife*, 23 *Md. Rep.*, 85. The Code, however, in conferring jurisdiction upon the Chancery Courts in such cases, does not exactly pursue the words of the Act of 1785, and the proceeding being instituted since the adoption of the Code must be governed by its provisions.

We concur with the Judge of the Circuit Court in the opinion that the jurisdiction and authority of the Court below to entertain the bill, and to pass the decree, must be sought exclusively in the 99th section of the 16th Article. The 36th section is inapplicable, and the 56th section cannot be so construed as to alter or enlarge the jurisdiction of the Court in a case like this, beyond the terms of the 99th section. That provides, "The Court may decree a partition of any lands, &c., on the bill or petition of any joint tenant, tenant in common, or any parcener, or any concurrent owner, whether claiming by descent or purchase; or if it appears that the said lands, &c., cannot be divided without loss or injury to the parties interested, the Court may

decree a sale thereof, and a division of the money arising from such sale among the parties according their respective rights." This section applies, among others, to a case like this where some of the parties are of full age and some are infants.

The bill avers that the complainant is entitled to have partition of the land among the parties interested, and charges "that it will be for the interest and advantage of all the parties interested, and especially of the minor heirs, that the lands be sold and the proceeds divided among the parties as they are respectively entitled, and the shares of the said minors invested in some productive fund for their benefit." The bill then prays that the land may be decreed to be sold, and also for general relief.

Under the decision in *Tomlinson vs. McKaig*, we are warranted in saying that this bill may be considered as a bill for partition, as such the Court clearly had jurisdiction of the cause, and under the prayer for general relief might have decreed a partition, although not specifically prayed. Or upon proof that the land could not be divided without loss and injury to the parties, could have decreed a sale. The objection therefore to the ratification of the sale, based upon a supposed want of jurisdiction, is not supported.

According to our construction of the 99th section of the 16th Article, to justify the Court in passing a decree of sale in such case, it ought to be satisfied by the proof that the land cannot be divided without loss or injury to the parties interested. In this case no proof whatever was offered to establish that fact, and the objection that the decree was passed without proof is urged by the appellant as a reason why the sale ought not to be ratified.

The want of proof of a material fact to support the decree renders it liable to be hereafter impeached by the infants upon a bill of review, filed after they shall have attained full age, or by *prochein ami* during their infancy. And

we think this presents a sufficient ground upon which the purchaser ought not to be compelled to pay the purchase money and accept a deed from the trustee.

In *Glenn vs. Clapp*, 11 *G. & J.*, 10, it was said "but if, while the fund is yet in Court, the purchaser is disturbed in his possession, or exposed to be so disturbed by one having a clear title to the estate, which title was entirely unknown to the purchaser at the time of the sale, we think the plain principles of justice require the sale to be rescinded and the purchase money to be restored. As between the parties to whom the proceeds of sale are ultimately to be paid and the purchaser, the transaction is so far *in fieri* that a total failure of consideration should prevent them from receiving the stipulated price."

The same equitable rule we think applies here. We are of opinion that it would be inequitable to hold a purchaser to his contract and compel him to take a title, in which the Court can see upon the face of the proceedings he is liable to be hereafter disturbed by a proceeding by infants, parties, upon grounds of defect in the proceedings manifest on their face.

In *Tomlinson vs. McKaig*, where the Court was called on to "enforce a purchase *under such a decree*, and the defendants in the first proceeding contested the right of the complainants in the second to the purchase made by them, it was held to be the duty of a Court of Equity to stay the execution of the first decree until an opportunity might be afforded the defendants within which they should be at liberty to file an original bill to set aside the decree for fraud, and to the infants within which they might file a bill of review to vacate the decree for errors apparent on its face; to effect which objects the cause was remanded after a reversal of the decree dismissing the bill filed by the devisees of the purchaser."

Here the whole transaction is *in fieri*; it is in the power of the parties in interest to have the defect in the proceed-

ings removed by filing a bill of review, and under the 113th section, Art. 16, of the Code, supplying the proof that the land is not capable of division without loss and injury to the parties entitled, or if the proof should turn out to be otherwise, the decree to sell would be rescinded and set aside, and the provisions of the Code would be complied with, and the rights of the parties secured by decreeing a partition to be made. There is no just reason why the purchaser should be compelled to complete his contract and incur the risk of such a proceeding, the result of which must depend upon facts that cannot possibly be within his knowledge.

This conclusion is not in conflict with the decision in *Bolgiano vs. Cook,* 19 *Md. Rep.,* 375. There the supposed defect in the proof, upon which the original decree was passed, was either immaterial or was not apparent upon the proceedings. Moreover, a period of nine or ten years had elapsed after the decree had been passed, and it did not appear that there were any infants or others concerned with the subsisting right, after the lapse of such a period, to question or impeach the validity of the decree for such cause. Here, on the contrary, as we have said, the record discloses the fact that there are now infants parties to the cause, and that there is apparent on the face of the proceedings valid ground upon which they may hereafter by bill of review impeach the decree and disturb the possession of the purchaser; and this objection being presented to the Court before the contract of the purchaser is completed, as a ground upon which he asks to be relieved from his purchase, we are of opinion, that upon the plainest principles of equity he is entitled to relief, and will therefore sign an order reversing the order of the Circuit Court setting aside the sale, and remanding the cause, but without awarding costs to the appellant.

*Order reversed, &c.*

(Decided November 2nd, 1866.)