(Decided 26th February, 1879.)

---

JOHN FOX *vs.* JOHN REYNOLDS, and others.

*Sale of Property in which an Infant and Adults, (some of whom are Non-Residents,) are interested, under secs. 99 and 36 of Art. 16 of the Code of Public General Laws— What a Bill must contain to authorize a Sale under said Art.— What Proof required—Right of a Purchaser to be relieved from his Purchase where the Decree of Sale was unauthorized by Law.*

A bill was filed in equity asking for a decree settling the respective rights of the parties in certain leasehold property, (said parties being some of them, persons of full age, and one, a minor, and some non-residents,) and for the appointment of a receiver to take charge of the property, and collect the rents, and for the granting of an injunction until the rights of the parties were determined; but such bill contained neither a prayer for partition, nor for a sale, nor for general relief, and no allegation which looked to either a partition or sale; and no proof was offered touching the question of sale. On this bill the Court below passed a decree for the sale of the property. On objection to the final ratification of the sale by the purchaser of the property, it was HELD:

That a decree for the sale of the property upon a bill of such a character cannot be maintained under the jurisdiction conferred by secs. 99 and 36 of Art. 16 of the Code of Public General Laws; and that the purchaser has a right to avail himself of the infirmity in the bill and the proceedings, as an objection to the ratification of the sale.

Fox *vs.* Reynolds, *et al.*

In a bill for a sale of property in which adults and a minor are interested, under sec. 99 of Art. 16, it should be alleged, to give the Court jurisdiction, that the land in question cannot be divided without loss or injury to the parties. A sale of property, of infants, under sec. 36 of Art. 16, is authorized only where it appears to be for their benefit and advantage, and this must be proved by the testimony of at least two witnesses taken in the mode and manner required by sec. 37 of that Art.; without such proof a decree of sale is not binding on the infant. A purchaser under such irregular proceedings, would be liable to be disturbed in his title and possession, as the decree might be impeached by a bill of review.

Non-resident defendants against whom an order of publication was published, which informed them that the purpose of the bill was to ascertain the respective interests of the parties in certain leasehold property, the appointment of a receiver, and the issue of an injunction, cannot be considered as in Court and parties to the suit for any other or different purpose, or for any other purpose not necessarily arising out of the object of the bill as stated in the order of publication; and a decree directing a sale of the property would not be binding upon the defendants published against and who are in the case, only by virtue of such publication; and they might impeach the decree by a bill of review, and materially affect the title of a purchaser of the property under such a decree.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT and MILLER, J.

*Luther M. Reynolds,* for the appellant.

There is in the bill no statement of fact or form of prayer to enable the Court to decree a sale of the property. This was a proceeding, among others, against Charles and Timothy, who were supposed to be non-residents; and by inspection of the order of publication, it will be seen that they were thereby informed, the only purpose of the bill was to ascertain the complainant's quantity of interest in

the property, the issue of an injunction and appointment of a receiver to collect the rents.

These two defendants are not, *in fact*, parties to the suit; but are in virtue of the statute constructively only in Court. A party who is only constructively a party to a suit, and may not, in fact, know even of its existence, cannot be considered as in the suit for any other or different matter or purpose than that advertised in the order of publication. *Snowden vs. Snowden*, 1 *Bland Ch.*, 558; *Singen vs. Henderson*, 1 *Bland Ch.*, 245.

Whilst it will be conceded that the Chancellor acts *as parens patriæ*, for the protection of the persons and property of infants, and that he will, where the infant's property is small, and more money is necessary for the due maintenance of the infant, sometimes allow the capital to be broken in upon; and also that in the present case, this infant was the ward of the Court; it is denied, the Court had any common law right, without cause shown, *ex mero motu*, to order a sale of his interest in the property. (1 *Daniel's Ch. Prac.*, chap. 4, sec. 9, page 168.) And it is denied, he had the right to order the sale under either the statute for sale of infant's property, or for partition of his property, without the allegations in the bill, and proofs required by those statutes. *Watson vs. Godwin*, 4 *Md. Ch.*, 26; *Chalmers vs. Chalmers*, 6 *H. & J.*, 29.

*Thomas A. Whelan*, for the appellee, John Reynolds.

The proper parties being made by the bill, and all being brought into Court, the relief—the decree for sale—was of such a character as to be applicable to the case, and in fact, was the only relief founded on the facts that could be granted; and the decree for sale is therefore proper. The complainant is not confined by the specific relief asked in his bill of complaint. He can obtain any relief consistent with the allegations of his bill, and is only prohibited from obtaining relief inconsistent, opposite

to his allegations. *Bolgiano vs. Cooke,* 19 *Md.,* 375–392; *Hilleary vs. Hurdle,* 6 *Gill,* 105–110; *Dunnock vs. Dunnock,* 3 *Md. Ch.,* 140.

All matters of dispute between the complainant and the defendants having been settled by the decree, and it having been enrolled, it cannot be questioned, except upon appeal or bill of review; and it is binding upon all parties and privies, except on grounds of fraud or mistake. *Bolgiano vs. Cooke,* 19 *Md.,* 395; *Hunter vs. Halton,* 4 *Gill,* 115; *Dawes vs. Thomas,* 4 *Gill,* 333.

*Talbot J. Albert* and *George C. Maund,* for the other appellees.

This is an extraordinary case, without precedent, where the complainant maintains that a guardian can acquire title to property belonging to her wards, by making advances to them for their maintenance and education, to the extent of their respective interest in the same; and that a sale under order of the Orphans' Court, when the wards' means of support are exhausted, is unnecessary.

Such a mode of acquisition is unknown to the laws of this State, and is preposterous, and if allowed, would be a baleful source of fraud by guardians and other fiduciaries.

Under such circumstances, the Court was justified in passing a decree of sale, in order to make such distribution as the equities of the case required, under the general jurisdiction peculiar to Courts of Chancery, of marshaling assets, settling accounts, and in this State, of general supervisory power of the Orphans' Court. *Barnes vs. Compton,* 8 *Gill,* 391; *Davis vs. Clabaugh,* 30 *Md.,* 509; *Halton vs. Weems,* 12 *G. & J.,* 83; *Brodess vs. Thompson,* 2 *H. & G.,* 120; *Code P. G. L., Art.* 93, *secs.* 176, 192; *Drury vs. Connor,* 1 *H. & G.,* 221.

A prayer for sale or for general relief was unnecessary, since the facts set forth in the bill and answer disclose a

case in which a sale was a necessary sequence upon determining the respective interests of the parties in the property; and that a sale would be for the interest and advantage of all concerned, was apparent on the face of the proceedings. *Bolgiano vs. Cook,* 19 *Md.,* 375.

Courts of equity are not subject to the strict technical rules of pleading of other Courts; and "if such a decree can be put upon the record as will meet the substantial justice of the case, it will be done." *Crain vs. Fergusson,* 1 *Md. Ch. Dec.,* 151 *and* 155; *Kunkel vs. Fitzhugh,* 22 *Md.,* 577; *Story Equity Pleading, sec.* 316.

It is an undoubted power of the Court of Chancery to convert the real estate of an infant into money. Many cases of this kind may be found. In such cases, a Court of Chancery acts under the delegated authority from the King, who as *parens patriæ,* had jurisdiction over the persons and estates of infants. *Dorsey vs. Gilbert,* 11 *G. & J.,* 91; 2 *Story Eq. Jur., secs.* 317 *to* 319; *Corrie's Case,* 2 *Bland,* 488.

BRENT, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City finally ratifying the sale of certain leasehold property. The appellant was returned by the trustees as purchaser. After the order *nisi,* he came in and objected to the ratification, alleging "that the decree for the sale was improvidently passed, and as appears from the face of the record was unauthorized by law."

The property, consisting of a lot improved by four small buildings, was owned by Timothy Donovan, who died in 1852, leaving a widow, Jane Donovan, and eight children. Administration upon his estate was granted to the widow, who charged herself in her administration account with the appraised value of this leasehold property. The other assets being more than sufficient for the payment of debts and expenses, this leasehold property

Fox *vs.* Reynolds, *et al.*

remained unsold, and in her final account its appraised value was distributed one-third to her, and two-thirds to the children.    Becoming guardian to the latter, she seems to have supposed that she acquired a title to the whole, as the charge for board and maintenance for each of the children exceeded their respective interests in the property.    She afterwards intermarried with John Reynolds, by whom she had one son, who is now a minor.    After her death, which occurred in 1874, Michael Donovan, one of the children of her former husband, Timothy Donovan, took possession of the leasehold property in question, and collected the accruing rents for the benefit of himself and the other children.    John Reynolds, the surviving hus-band, not being permitted to collect the rents and appro-priate them, filed a bill, claiming that he had a life estate in the property, and praying that a receiver may be appointed to take charge of it, to collect the rents and to hold it until the respective rights of the parties are deter-mined, and that Michael Donovan be required to account for the rents he had collected.    There is no prayer for any other special relief except for an injunction, nor is there any prayer for general relief.    All the children of Timo-thy Donovan, except William, who is alleged to be dead, and the minor child of John Reynolds are made defend-ants.    *Subpœnas* are asked against those living in Balti-more, and an order of publication against Mary A., Henry, Charles and Timothy, as non-residents.

The order of publication states the object of the bill is, to determine the interest of the complainant, John Rey-nolds, in the property, to appoint a receiver to take charge of it and to collect the rents, and to enjoin the defendants from interfering with it.

All the defendants appear and answer, (the minor child answering by guardian,) except Charles and Timothy, against whom an interlocutory decree was passed under the order of publication.

The testimony taken is entirely in reference to the prayers of the bill as above stated, and to the objects of the bill as set forth in the order of publication. The subject of the sale of the property is not alluded to, and no proof taken to indicate a sale was designed, or that it would be for the benefit and interest of the parties concerned or any of them.

In this state of the pleading and proof, the Court decreed as to the respective rights of the parties in the property, and also decreed that the property be sold and the proceeds brought into Court to be distributed under its directions.

At the sale the appellant became the purchaser, and was returned as such by the trustees in their report.

We have thus referred, with some particularity to the facts in this case, the prayer of the bill and the character of the proof, as they are all important in considering the question presented by this record.

The objections filed by the purchaser are directed to the bill and the other proceedings, as insufficient to confer upon the Court the jurisdiction it has exercised. No question is raised upon that part of the decree, which determines the respective interest of the parties in the property. It is only to the power and authority of the Court to decree a sale that objection is made, the exceptant contending that the case presented by the bill gave the Court no jurisdiction to decree the sale.

The frame of the bill certainly does not bring the case under the powers conferred upon the Courts, by *section* 99 *of Article* 16 of the Code. It is true that the property in question is owned in common by persons of full age and a minor, and that this section authorizes the Courts to decree the sale of property so held. But this must be upon a bill for partition, or for a sale. If for the latter, it is indispensable to give the Court jurisdiction, that it should be alleged that the lands in question cannot be

divided without loss or injury to the parties. This, we think, is in accordance with the cases of *Tomlinson vs. McKaig and others*, 5 *Gill,* 256, and *Mewshaw vs. Mewshaw,* 3 *Md. Chan. Decs.*, 12.

The bill in this case is neither for partition or for a sale. It contains no allegation or prayer which looks to either, and a decree of sale passed by the Circuit Court upon a bill of this character cannot be maintained under the jurisdiction conferred by this section of the Code.

Nor can the decree be supported under the power conferred by section 36, upon the Courts to sell the property of infants. The authority is conferred only where it appears to be for their benefit and advantage, and this must be proved by the testimony of at least two witnesses, taken in the mode and manner required by the subsequent section (37.) Without such proof a decree of sale is not binding upon the infant.

But it is contended that the sale in this case " was a · necessary sequence upon determining the respective interests of the parties in the property," and the case of *Bolgiano vs. Cook,* 19 *Md.*, 375, is relied upon as an authority. In that case the bill contains a prayer for sale and general relief, and its allegations are framed with a view and for the purpose of obtaining a sale. The decree was in accordance with the prayers of the bill, and the Court in passing upon the objections to the ratification of the sale in that case, nowhere intimates that a decree for the sale of property, in which a minor and persons of full age are interested, will be valid, where the bill contains no prayer for a sale or for general relief, and where no proof is offered, as in this case, touching the question of sale.

But is a decree for a sale the necessary sequence of the allegations and prayers of the bill in this case? The only thing the bill asks for is a decree settling the respective rights of the parties in the property in question, and the appointment of a receiver and the granting of an

injunction until those rights are determined.   The single fact of parties holding property as tenants in common does not, as a matter of " necessary sequence," render a sale of the property indispensable.   The cases are numerous where decrees for sale of property so held have been refused.   In the case of *Johnson and others vs. Johnson and others, April Term,* 1878, an application was made to sell leasehold property held by several owners, but the Court refused a decree for the sale, upon the ground that it did not appear from the weight of the evidence, that the sale would be for the benefit and advantage of the parties interested.

Another well founded objection to this decree is, that two of the defendants are in Court only by virtue of the order of publication.   This informed them that the only purpose of the bill was to ascertain the respective interests of the parties in the property, the appointment of a receiver and the issue of an injunction.   They cannot be considered as in Court and parties to the suit for any other or different purpose, or for any purpose not *necessarily* arising out of the object of the bill as stated in the order of publication.   The assent of the parties, who are regularly in the case, to the sale, may possibly bind them by way of estoppel, but as the sale is not a necessary result of the allegations and prayers of the bill, as contained in the order of publication, the decree directing it is not binding upon those published against, and who are in the case only by virtue of such publication.

Now, has the purchaser a right to avail himself of the infirmity in the bill and the proceedings, as an objection to the ratification of this sale?   We will only refer to the case of *Earle vs. Turton and others,* 26 *Md.,* 23, in answer to this inquiry.   There it appearing that infants were interested, and there being *no proof* that the land could not be divided without loss and injury to the parties, the Court held the purchaser was liable to be disturbed in his title, and the order ratifying the sale was reversed.

Fox *vs.* Reynolds, *et al.*

The Court say on page 36, " here the record discloses the fact that there are now infants, parties to the cause, and that there is apparent on the face of the proceedings valid ground upon which they may hereafter by bill of review impeach the decree and disturb the possession of the purchaser; and this objection being presented to the Court before the contract of the purchaser is completed, as a ground upon which he asks to be relieved from his purchase, we are of opinion, that upon the plainest principles of equity he is entitled to relief."

Applying the doctrine of that case to the present, it is very clear that the purchaser here is entitled to the same relief. The objections to the sale are filed by him before the time appointed for passing an order of final ratification. He is liable to be disturbed in his title and possession not only by the infant defendant, but by the defendants who are non-residents. The decree being irregular against them for the want of jurisdiction apparent upon the record, may hereafter be impeached by a bill of review, and the title of this purchaser to the whole of the property, sold by the trustees and bought by him, materially affected. In this state of the case it is proper that he should be relieved from his purchase.

The parties in interest, who desire a sale of this property, may upon a proper bill and the necessary proof obtain a valid decree for that purpose. But the order ratifying the sale under the present bill and proceedings, must be reversed.

*Order reversed, and*
*case remanded.*

(Decided 28th February, 1879.)