JESSE VICKERS AND WIFE *vs.* ELIZA JANE TRACEY.

APPEALS: CODE, ART. 5, SEC. 20, CONSTRUCTION OF.—On an appeal from an order ratifying a sale, made in execution of a decree, passed about fifteen months previously, for the purpose of satisfying the claim of the appellee, ascertained and adjudicated by said decree,—no exception being taken to the proceedings of the trustee under the decree, and the appeal appearing to be prosecuted wholly on the ground of error in the decree.—HELD:

That upon a proper construction of the Code, Art. 5, Sec. 20, the said decree cannot be drawn in question nor reversed on such appeal.

*Quere.* Was the order appealed from such as to support an appeal? *Semble* that it was not.

APPEAL from the Circuit Court of Baltimore City:

This was an appeal from an order of the Circuit Court of Baltimore City, (KREBS, J.) passed on the 23rd of December 1862, ratifying a sale made in pursuance of a decree of said Court passed on the 25th of September 1861. For further statement of the case see the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*John S. Tyson, Jr.,* for the appellants.

1st. *Æquitas sequitur legem. Gilb.,* 136. By law, all property which the wife may acquire is hers absolutely, free from any liability for her husband's debts, except property passing from her husband to her, in prejudice of the rights of his subsisting creditors. 1 *Code,* 325. This property did not pass from the husband, nor did it pass in prejudice of the rights of his creditors, even if he advanced the purchase money from his own resources.

2nd. The wife has denied that the consideration passed from her husband, and there is no evidence that it did. The recital of the deed is not to be relied on, for the recital is perfectly consistent with the fact that the purchase money was the wife's own.

3rd. The conveyance in accordance with the prayer of the bill, is decreed null and void as against the mortgage claim. But the mortgage was of J. Vickers' interest as legatee under the will, and he derived no interest under the will. A party is liable only in the character in which he is sued. *Snively vs. Beavans*, 1 *Md. Rep.*, 225. *Darnall vs. Magruder*, 6 *Gill*, 285.

4th. This is a bill by a mortgagee as such. A mortgagee as such, cannot sustain a creditor's suit. *Hammond vs. Hammond*, 2 *Bl. Ch.* 344.

*Samuel Snowden*, for the appellee.

Where the purchase money is paid by one person, and the conveyance made to another, it is a well established doctrine of equity, "that a trust results in favor of the party who paid the money;" and "this will be done if it appear on the face of the conveyance by recital or otherwise, that the purchase was made with the money of a third person." *Story's Eq.*, *sec.* 1, 201, *note* 2. And the property is liable to the creditors of the party who pays the purchase money. *Godding vs. Brackett*, 34 *Me. Rep.*, 27.

The answer of A. E. Vickers not having been called for under oath,—not being sworn to,—and it not appearing from the record that it was read by the appellee at the hearing, is no evidence at all; it was sufficient to put the cause at issue, but would not sustain a motion to dissolve the injunction. *Taggart vs. Boldin et al.*, 10 *Md. Rep.*, 113. *Dorn et al. vs. Bayer*, 16 *Md. Rep.*, 152. *Mahaney et al. vs. Lazier et al.*, 16 *Md. Rep.*, 70. *Code*, *Art.* 16, *sec.* 103. The recital in the deed is *prima facie* evidence of the facts therein stated. *Gresley's Eq. Ev.*, 462, 463.

If J. V. Jr., had taken the conveyance to himself, it would have enured to the benefit of the mortgagee, and she would not have been injured by the conveyance, as he

would have been estopped from denying her title as mortgagee.    2 *Hilliard on Real Prop.*, 42.

A mortgagee having a lien on specific property, cannot file a creditor's bill until he first exhausts his security; this is the extent of the rule stated in *Hammond vs. Hammond*, 2 *Bl. Ch. R.*, 345; here the appellee had a specific lien upon certain property by act of the parties to this suit; she is prevented from enforcing that lien, and she could only do so by invoking the aid of a Court of Equity.

The third and fourth points of the appellant being objections to the jurisdiction of the Court below, and it not appearing by the record that they were raised below, are made too late in this Court.    *Code, Art.* 5, *sec.* 27, *Knight vs. Brawner*, 14 *Md. Rep.*, 1.

COCHRAN, J., delivered the opinion of this Court.

The appeal in this case was taken from an order passed on the 23d of December 1862, ratifying a sale made in execution of a decree, dated the 25th of September 1861. No exception was taken to the proceedings of the trustee under the decree directing the sale; and, so far as we are informed by the brief and argument submitted on behalf of the appellants, they have prosecuted their appeal wholly on the ground of alleged error in that decree. The right of the appellee to have the property, affected by these proceedings, subjected to sale for the purpose of satisfying her claim, was ascertained and adjudicated by the decree directing the sale, and for that reason, the decree was final and conclusive on the right here contested by the appellants.    The order appealed from, was contemplated by the decree as one of the things necessary to be done in executing it, and as the purpose of the order was simply to perfect the sale and establish the right of the purchaser, without affecting any right at issue between the parties to the record, it could scarcely be considered, as between them, such an order as would support

Vickers & Wife *vs*. Tracey.

an appeal.   But without expressing any opinion on that point, this posture of the case presents another question of a preliminary nature, the consideration of which is necessary; and that is whether the decree of September 1861 is open to review on the appeal taken from the subsequent order of December 1862    The Code, Art. 5, sec. 20, provides that "an appeal shall be allowed from any final decree, or order, in the nature of a final decree, provided such appeal be taken within nine months from the time of such decree or order," and on an appeal from such a decree or order, a review of all previous orders is authorized by section 22.   These provisions were codified from the Acts of 1785, chap. 72, sec. 27, and 1830, chap. 185, sec. 1, and although not identical in terms, yet have the same import, and should have the same construction.

In *Porter vs. Askew*, 11  *G. & J.*, 346, the Court of Appeals refused to review a decree for a sale on an appeal from an order ratifying the auditor's account making distribution, and again, the language of the Acts referred to was considered in the case of *Phelps vs. Stewart*, 17 *Md.*, 242, and the ruling in *Porter & Askew* affirmed after an examination of all the previous cases on that point.   Applying the rule of construction thus shown, to the case before us, it is clear that the decree of September 1861 cannot be drawn in question, nor reviewed on this appeal; and as no cause has been shown for reversing the order appealed from, it will be affirmed with costs to the appellee.

*Order affirmed.*