(Decided 29th May, 1885.)

---

DAVID WILSON and EBEN HUNTING, trading as WILSON & HUNTING *vs.* EDWARD J. GREEN, and others.

*Sale of Real estate for Partition—Sufficiency of Allegations in the Bill to give Jurisdiction.*

In a proceeding in equity to obtain a sale of real estate for the purpose of partition, it is sufficient to allege and prove that such real estate is not susceptible of division, and cannot be divided without greatly impairing its value. It is not necessary to aver and prove that unavailing efforts have been made to secure a division or sale without resort to the aid of a Court.

APPEAL from the Circuit Court for Baltimore County, in Equity.

This appeal was taken from an order overruling the exceptions of the purchasers to the ratification of the sale of certain real estate made and reported by the trustees in the cause, and finally ratifying said sale. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J., for the appellants only, the Court declining to hear counsel for the appellees.

*Luther M. Reynolds*, for the appellants.

*Hutton L. Bouldin*, for the appellees.

IRVING J., delivered the opinion of the Court.

The question in this case arises upon exceptions to a trustees' report of sale of real estate, which had been decreed to be sold for the purposes of partition, and had been purchased by the appellants at the trustees' sale. The purchasers excepted on the ground, that the proceedings were supposed to be irregular and defective for the want of jurisdiction on the part of the Court, and allege this to be apparent on the face of the record. All the parties to the bill, both complainants and defendants, are adults. The bill was filed for sale for the purposes of partition, upon the alleged ground, that the estate could not be divided amongst the large number of heirs without greatly impairing the value of the estate. The facts were admitted in the answer, and were also proved. Being adults, it is contended on the part of the appellants, that they were capable of dividing it among themselves, or of making a joint sale, and that having the power and remedy in and among themselves, they need no assistance, and cannot invoke the aid of a Chancellor, without averring and proving that unavailing efforts have been made to secure division or sale without resort to the aid of the Court. Sundry authorities have been cited in support of this proposition, including, with *Story's Equity Jurisprudence* and *Daniel's Chancery Practice, Alexander's Chancery Practice, pages* 250–257. Prior to our Code this may have been the law, but since the adoption of the Code, section 99, of Article 16, has uniformly been supposed and held, in the State, to authorize a Court of equity to order a sale for the purpose of partition, whenever it was alleged and proved that the property sought to be sold could "not be divided without loss or injury to the parties interested."

The jurisdiction of the Court in such case is made to depend upon that fact, and that fact alone ; and by express terms the section is made to apply " to cases where all the parties are of full age, and to cases where all the parties are infants, and to cases where some of the parties are of full age and some infants, and to cases where some or all the parties are *non compos mentis;* and also to apply to cases where any or all the parties are non-residents."

If the property cannot be divided without loss or injury to the parties interested, the law does not require them to go through the useless formality of attempting the division, and disagreeing about it, or of endeavoring to agree among themselves as to terms of sale ; but the *fact* that it cannot be divided without loss and injury entitles any party at his election to the aid of the Court of Chancery to secure a sale thereof. The concluding words of this section, 99, are, "and any party, whether of full age, infant, or *non compos mentis,* may file a bill under this section ; an infant by his guardian or *prochein ami,* and a *non compos* by his committee or trustee."

All that it is necessary to allege in a bill is, that which it is necessary to prove, and nothing more. In this case, the bill comes fully up to the requirements of the statute in respect to jurisdiction. Its language is " and your orators further show, that the said real estate is not susceptible of division, and cannot be divided without greatly impairing the value of said real estate." Although not in the precise words of the statute, the whole meaning of the statute is expressed, and in emphatic form.

In *Earle vs. Turton,* 26 *Md.,* 33, this Court, through its late and eminent Chief Justice, decided that all that was essential to entitle a party to the aid of a Court of equity under this section 99, was the *fact,* that a division could not be had without loss or injury. In that case the ground of relief suggested by the bill was that it was "for the interest and advantage of the parties to have the property

sold." In that case, as in this, it was the purchaser except-
ing to the sale, and the Court reversed the order ratifying
the sale, because there was no proof of the fact on which
the jurisdiction depended. The Court did, however, say,
that notwithstanding the allegation was "that it was for
the interest and advantage of the parties to have the
property sold," and nothing more; yet, under the prayer
for general relief the sale could have been properly
ordered if the proof of indivisibility without loss or injury
had been found in the record; but this *dictum* is not sus-
tained by subsequent decisions, which establish that the
fact essential to give jurisdiction must be *alleged* as well
as proved.

In the case of *Thruston vs. Minke, et al.*, 32 *Md.*, 576,
the appeal was from a decree for the sale of real estate for
partition; and this Court said, "*If it be alleged and
proved* that the estate *cannot be divided* without loss or
injury to the parties, the Court is clothed with power by
the statute, Code, Art. 16, sec. 99, to decree a sale, and
a division of the money arising therefrom among the par-
ties, according to their respective rights. This statute's
provision is a modification of the previous law on the sub-
ject, and was intended to promote the interest of the par-
ties concerned." Again, in *Fox vs. Reynolds*, 50 *Md.*, 564,
the question was before this Court upon an appeal, exactly
similar to the one we now consider, by the purchaser from
an order ratifying the sale at which he purchased. There
the Court said the "frame of the bill" did not bring the
case within the provisions of section 99, of Article 16, of
the Code; and further said it was "indispensable to give
the Court jurisdiction, that it should be alleged, that the
lands in question cannot be divided without loss or injury
to the parties." It may, therefore, now be regarded as
settled, that such allegation is necessary to give the Court
jurisdiction, and that the fact must be established in some
competent way to justify a decree upon the allegation, be-

cause, if the property be capable of division, it is the undeniable right of the parties to enjoy its possession in severalty. In this case the parties defendant admitted the fact, and in addition thereto proof of witnesses was taken in support of the allegation. There is, however, no appeal from the decree, and no question arises on the insufficiency of the proof; the only question being on the jurisdiction of the Court on the allegations of the bill. Being of opinion that the bill alleges all the jurisdictional facts necessary to be embodied in it, the order ratifying the sale will be affirmed.

> *Order affirmed, and*
> *cause remanded.*

(Decided 29th May, 1885.)