DAVID M. NEWBOLD *vs.* GUSTAV A. SCHLENS and LOUIS WILKENS, Trustees.

*Proceeding under Act of 1868, ch. 273, to obtain a Decree for the Sale of an Infant's Real estate—Irregularity in Proceeding—Jurisdiction of Parties concerned and of the Subject-matter of Suit—Appeal from Order overruling Exceptions by Purchaser to Sale—Decree not open for Review by Appellate Court—Sale advantageous to all parties—Purchaser in Good faith under a Decree or Judgment of a Court of competent Jurisdiction.*

In proceeding under the Act of 1868, ch. 273, on behalf of a minor, to obtain a decree for the sale or lease of certain real estate in which he is interested as devisee, the bill should be filed in the name of the infant devisee, as complainant, by his next friend, and not by the guardian in his own name, in his character of guardian.

Where, however, the bill is filed by the guardian in his own name, such irregularity in the proceeding does not deprive the Court of jurisdiction, the bill having been in fact filed for and on behalf of the infant, and having expressly charged that it would be for the benefit and advantage not only of the infant, but of all the other parties concerned, that the property should be sold or leased; and the infant, together with all the other parties concerned, then in being, having been made a party defendant to the bill, and he having answered the same by guardian *ad litem* duly appointed by the Court.

And the Court having thus acquired jurisdiction of the parties concerned, and of the subject-matter of the suit, may rightly pass a decree, if satisfied that it would be advantageous to all parties concerned, as well those in being as those after-born, that the property should be sold or leased; and the decree is binding upon all the parties interested, those not *in esse* as well as those in being, notwithstanding the irregularity of the proceeding, until such decree be reversed or annulled, upon review in regular proceeding for that purpose.

But on appeal from an order overruling exceptions by the purchaser to the sale, and ratifying the sale as reported, the original decree authorizing the sale or lease of the property, is not open for review by the Appellate Court.

On appeal from such order, it is immaterial whether there was sufficient evidence produced to the Court below to establish the fact that it would be advantageous to all parties concerned, that the property should be sold.

Even if the decree could be reversed for errors or irregularities, whether in respect to the evidence, or otherwise, provided the Court had acquired jurisdiction to pass the decree, a purchaser in good faith under the decree, while it was subsisting and binding the parties thereto, will not be affected by such reversal.

A purchaser under a judgment or decree of a Court of competent jurisdiction has a right to presume that the Court has taken all the necessary steps to investigate the rights of the parties, and that on such investigation, the decree or judgment, under which he purchased, was properly passed; but he is bound, at his peril, to see that all proper parties to be bound, were before the Court, and that he does not take a title, supposed to be covered by the decree, that may be impeached *aliunde*.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*John P. Poe*, for the appellant.

*Fielder C. Slingluff*, for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case was filed by Gustav A. Schlens, in his own name, but as guardian of Christian Wilkens, a minor, against the said Christian Wilkens, and others, to ob-

Newbold *vs.* Schlens and Wilkens, Trustees.

tain a decree for sale or lease of certain real estate, devised by the will of the late William Wilkens, deceased, and in which Christian Wilkens, the minor, is interested as devisee. The bill was filed to obtain a decree under the provisions of the Act of the General Assembly of 1868, ch. 273. This statute provides that, " In all cases, when one or more persons is or are entitled to an estate for life or years, or to an estate tail, fee simple, conditional, base or qualified fee, or any other particular, limited, or conditional estate in lands, and any person or persons is or are entitled to a remainder, or remainders, vested or contingent, or an executory devise or devises, or any other interest, vested or contingent, in the same land ; *on application of any of the parties in interest,* a Court of equity may, if all the parties in being are parties to the proceeding, decree a *sale or lease thereof, if it shall appear to be advantageous to the parties concerned ;* and shall direct the investment of the proceeds of sale, or the limitation of the leasehold interest, as the case may be, so as to inure in like manner as by the original grant, to the use of the same parties who would be entitled to the land sold or leased ; and all such decrees, if all the persons are parties who would be entitled if the contingency had happened at the date of the decree, *shall bind all persons, whether in being or not,* who claim, or may claim, any interest in said land, under any of the parties to said decree, or under any person from whom any of the parties to such decree claim, or from, or under, or by the original deed or will by which such particular, limited, or conditional estates, with remainders or executory devises, were created."

The bill was not filed as it should have been, by and in the name of the infant devisee as complainant, by his next friend ; but, as we have stated, it was filed by the guardian in his own name, in his character of guardian ; and his infant ward, and all other parties supposed to be interested in the property to be affected by the decree, were

made defendants. After notice to non-resident defendants by publication, a guardian *ad litem* was appointed to answer for the infant defendants, and answers for them were filed by such guardian. Proof was then taken ; and on the 10th of April, 1885, a decree was passed, authorizing the sale or lease of the property, as the trustees appointed by the Court might find to be most advantageous to the parties concerned. It was under this decree that the sale to the appellant was made by the trustees, and which was reported to 'the Court on the 30th of December, 1886. The sale thus reported was excepted to by the appellant, upon two grounds : 1st. That the bill was not filed by *a party in interest,* as contemplated by the Act of 1868, ch. 273 ; that the bill should have been filed by Christian Wilkens, the infant, by his next friend, and not by the guardian of such infant against the infant and others holding vested or contingent estates in the land ; and therefore the Court was without power or jurisdiction to pass the decree upon such application. 2d. That it was not made to appear by evidence in the cause, that it would be advantageous to the parties concerned, that the property mentioned in the proceedings should be sold or leased, and therefore the Court had no power to decree as it did.

The exceptions were overruled, and the sale finally ratified ; and it is from this order of the Court, and not the decree of the 10th of April, 1885, that the present appeal is taken.

1. It is very clear that the proceeding contemplated by the Act of 1868, ch. 273, is quite different and distinct from that contemplated by sections 36, 37 and 39 of Article 16 of the Code, as those sections have been modified by the amendatory and curative Act of 1868, ch. 249. Those sections of the Code contemplate and direct a proceeding in behalf of infants alone, and where the interests of the infants are the only objects sought to be subserved

Newbold *vs.* Schlens and Wilkens, Trustees.

by sale or lease of the property. *Alex. Ch. Prac.*, 215. But not so by the proceeding authorized by the Act of 1868, ch. 273. By that statute, it is provided that *on application of any of the parties in interest,* whether infant or adult, a Court of equity may, if all the parties in being are made parties to the proceeding, decree a sale or lease of the premises, *if it shall appear to be advantageous to the parties concerned.* The guardian of an infant party concerned, however, is clearly not a party in interest, within the meaning of the Act. He has no right or estate in the property, and has no power to make conversion of the realty into personalty. Therefore, unless he be authorized by express terms of the statute to take proceedings in his own name in his representative capacity, for the sale or lease of the realty belonging to his ward, he can only proceed as next friend of the infant, the latter being the real party plaintiff on the record. As we have seen, the statute of 1868, ch. 273, does not so provide ; and therefore, the bill in this case should have been filed in the name of the infant, Christian Wilkens, by Gustav A. Schlens as his next friend, and not in the name of Schlens as the guardian of the infant. *Boyd vs. Boyd,* 6 *G. & J.,* 25, 30; *Downes vs. Friel,* 57 *Md.,* 536; *Bradley vs. Amidon,* 10 *Paige,* 235; *Sto. Eq. Pl., secs.* 57, 58.

But though such be the case, it does not follow, because of this irregularity in the proceedings, that the Court was without jurisdiction to pass the decree of the 10th of April, 1885. The bill was in fact filed for and on behalf of Christian Wilkens, the infant; and the bill expressly charges that it would be to the benefit and advantage, not only of Christian Wilkens, the infant, but *of all the other parties concerned,* that the property should be sold or leased; and to this bill, Christian Wilkens, the infant, together with all the other parties concerned, then in being, was made a party defendant. Christian Wilkens, the infant, answered the bill, by guardian *ad litem,* duly

Newbold *vs.* Schlens and Wilkens, Trustees.

appointed by the Court; and we must assume that it was made to appear to the satisfaction of the Court that it would be advantageous to all parties concerned, as well those in being as those after-born, that the property should be sold or leased; or otherwise the decree would not have been made.    The Court, therefore, had jurisdiction of the parties concerned, and of the subject-matter of suit; and having acquired jurisdiction, the decree of the Court is binding upon all the parties interested, those not *in esse as well* as those in being, notwithstanding the irregularity of the proceeding, until such decree be reversed or annulled, upon review in regular proceeding for that purpose.    *Downes vs. Friel,* 57 *Md.,* 531, 536.    But on this appeal, the appeal having been taken from the order overruling the exceptions to the sale, and ratifying the sale as reported, the original decree, authorizing the sale or lease of the property, is not open for review by this Court. *Porter vs. Askew,* 11 *G. & J.,* 347, 350; *Vickers vs. Tracy,* 22 *Md.,* 199.

2. The second objection taken to the ratification of the sale is, that there was no sufficient evidence produced to establish the fact that it would be advantageous to all parties concerned that the property should be sold or leased, and therefore there was error in passing the decree, which may subject it to review and reversal, on a bill of review, that may, some time in the future, be filed by some of the infant defendants, when they attain age ; and the case of *Earle vs. Turton,* 26 *Md.,* 23, is cited. But the case referred to is quite different from the present, and is not an authority for the position sought to be maintained by the appellant here.    There is evidence in this case from which the Court below could have reasonably concluded that it would be to the advantage of all parties concerned, that the property should be sold or leased. But whether there be such evidence or not is quite immaterial on this appeal ; for the principle is now too firmly

Newbold *vs.* Schlens and Wilkens, Trustees.

settled to be questioned, that even if the decree could be reversed for errors or irregularities, whether in respect to the evidence or otherwise, provided the Court had acquired jurisdiction to pass the decree, a purchaser in good faith under the decree, while it was subsisting and binding the parties thereto, will not be affected by such reversal. The established principle is, that a purchaser under a judgment or decree of a Court of competent jurisdiction has a right to presume that the Court has taken all the necessary steps to investigate the rights of the parties, and that on such investigation the decree or judgment, under which he purchased, was properly passed. He is bound, however, at his peril, to see that all proper parties to be bound were before the Court, and that he does not take a title, supposed to be covered by the decree, that may be impeached *aliunde.*

In the leading case of *Bennett vs. Hamill,* 2 *Sch. & Lefr.,* 566, where the whole doctrine is fully examined by Lord Chancellor REDESDALE, the bill was filed to impeach and vacate a decree for the sale of an infant's real estate, and to vacate the sale thereunder, upon the ground of collusion in filing the bill and obtaining the decree, and of certain errors and irregularities in the proceedings, which were alleged to be prejudicial to the rights of the infant. But the Chancellor, while admitting the existence of the errors and irregularities in the proceedings as charged, held that the purchaser under the decree was not to be affected by such errors and irregularities. In the course of his opinion he said: " But as to Hart's representatives, and Hamill, the question is, whether they are persons who can be affected, supposing the circumstances to be clearly true as stated; namely, that there was error in the judgment of the Court in not giving a day to show cause; and error also in directing a sale under the circumstances. Now on that subject I must confess, after considering this a good deal, I think it would be too much to say that a

purchaser, under a decree of that description, can be bound to look into all these circumstances. If he is, he must go through all the proceedings from the beginning to the end; and have the opinion of the Court that the decree is right in all its parts, and that it would be impossible to alter it in any respect. The cases warrant no such opinion. On the contrary, as far as I can find, the general impression they give is, that a purchaser has a right to presume that the Court has taken the steps necessary to investigate the rights of the parties; and that it has on that investigation properly decreed a sale. Then he is to see that the decree is one that binds the parties claiming the estate; that is, to see that all proper parties to be bound are before the Court: and he has further to see, that taking the conveyance, he takes a title that cannot be impeached *aliunde*. He has no right to call upon the Court to protect him from a title not in issue in the cause, and no way affected by the decree: but if he gets a proper conveyance of the estate, so that no person whom the decree affects can invalidate his title, although the decree may be erroneous, and therefore to be reversed, I think the title of the purchaser ought not to be invalidated. If we go beyond this, we shall introduce doubt on sales under the authority of the Court, which would be highly mischievous."

This opinion of Lord Chancellor REDESDALE has been fully adopted by this Court on more than one occasion, (*Elliott and Wife vs. Knott*, 14 *Md.*, 121, 134; *Gregory vs. Lenning*, 54 *Md.*, 52,) and the principle of that decision has been asserted by other Courts of the highest authority. *Lloyd vs. Johnes*, 9 *Ves.*, 37, 65; *Whiting vs. Bank U. S.*, 13 *Pet.*, 6; *Jackson vs. Robins*, 16 *John.*, 582. Indeed, any rule furnishing less security to purchasers under decrees and judgments than that laid down in *Bennett vs. Hamill, supra,* in view of the great number of titles held by the people of this State dependent upon

judicial proceedings, would certainly lead to the gravest and most mischievous consequences.

Seeing, then, that the title to be acquired by the appellant under the decree could not be impeached or questioned, because of any supposed errors or irregularities in the proceeding for which a bill of review might lie, there is no sufficient ground shown for setting aside the sale to the appellant, and the order appealed from must therefore be affirmed.

> *Order affirmed, and*
> *cause remanded.*

Judge STONE delivered the following opinion:

I agree with the opinion of the Court in all respects, except that I think the bill is sufficient. It might well have been filed, either in *the name of the infant by* his guardian, *or by the guardian of the infant.* I can see no substantial difference.