(Decided 7th June, 1892.)

---

Oregon R. Benson, and John A. Knecht *vs.* John I. Yellott, and Carroll S. Macgill, Trustees, *et al.*

*Will—Irregularity in Decree—Trustees' sale—Exceptions to Sale—Title of Purchaser—Persons bound by Decree—Persons not in Being.*

A testatrix died in 1881, and by her will devised certain real estate in Baltimore County to trustees, "in trust and with authority to sell and convey the same as soon as the price or sum of two hundred dollars per acre can be obtained therefor, or as soon thereafter, not exceeding one year, as in the judgment of such trustees, it shall be deemed expedient; and the proceeds arising from such sale to invest in some safe security."   The testatrix

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

directed that the income from such investment should be paid to her brother S. D. S. during his life, and after his death, to certain other persons.   In 1882 a bill was filed in the Circuit Court for Baltimore County on which a decree was passed for a sale of said land, and the trustee appointed to make such sale made efforts to sell, but the best offer he received was less than $25 per acre. and he afterwards resigned as such trustee.   In April, 1891, a second bill was filed in the same Court for a sale of said land, to which all persons in being having any interest whatever in the land were parties.   It was shown that a sale was necessary for the interest, benefit, and advantage of all the parties interested, and upon the bill, answers, and evidence a decree was passed for the sale of the land in question, and for setting aside and vacating the bill, proceedings, and decree of 1882.   Acting under the decree of 1891 the trustees therein named sold the land for $70 per acre, agreeing to give the purchasers a marketable title.   On exceptions to the sale filed by the purchasers, and on an appeal from an order of the Court overruling said exceptions, it was HELD:

1st. That on such appeal no question could be raised as to the regularity and validity of the decree under which the sale was made.

2nd. That if the Court passing the decree had jurisdiction of the parties in interest and of the subject-matter of the suit, its jurisdiction would be binding upon all the parties concerned, those in being as well as those unborn, notwithstanding any irregularity in the proceedings, until such decree be reversed or annulled.

3rd. That even if the decree could be reversed for irregularities, whether in respect to evidence or otherwise, provided the Court had acquired jurisdiction to pass the decree, a purchaser in good faith under the decree while it was subsisting, and binding on the parties thereto, would not be affected by such reversal.

4th. That the purchaser was bound, however, at his peril, to see that all proper parties were before the Court, and that he did not take a title that might be impeached *aliunde*.

5th. That as it was conceded in this case that all parties *in esse* having any interest in the land were before the Court, those not *in esse* were also bound by the decree.

6th. That the appellants, as purchasers under the decree of 1891, would take a good and marketable title, and their exceptions were properly overruled.

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Osborne I. Yellott,* (with whom was *Oregon R. Benson,* on the brief,) for the appellants.

The will of Mrs. Brooke devised a remainder over to the children of Roberta B. McGill. This is a vested remainder, to open and let in after-born children. The estates devised over to the grandchildren of Mary C. McGill and N. Carroll Spence, were some vested and some contingent remainders. Hence, as all the parties were not *in esse,* the Court had no power to decree a sale for those in existence. *Cochran vs. Van Surlay,* 20 *Wend.,* 374. None but the parties to a suit and those claiming under them are bound by a decree. *Hunter vs. Hatton,* 4 *Gill,* 115. In this case the unborn children were not within the jurisdiction of the Court, and their estates could not be. If there be a total want of jurisdiction of either parties or subject-matter, the proceedings are void and can confer no right. *Long vs. Long,* 62 *Md.,* 36.

The interest of the takers to let in after-born children, can be destroyed neither by the tenants nor by their living brothers; their rights derived under the will are indestructible by act of any of the parties having interests prior to or in common with them. *Downin vs. Sprecher,* 35 *Md.,* 475, 481; *Long vs. Long,* 62 *Md.,* 36. The interests of infants cannot be sold unless the Court is satisfied that the conversion will be for their benefit. *Dorsey vs. Gilbert, et al.,* 11 *G. & J.,* 87. The Court can only decree according to the allegations in the bill

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

and cannot go beyond them. *Ringgold vs. Ringgold,* 1 *H. & J.,* 11.

By the terms of the will of Mrs. Brooke the property was to be sold for the price of two hundred dollars per acre. It was to be held in trust for the benefit of certain persons until it would bring ·that price. It is a well settled principle that in cases of trusts the power of Courts will depend upon the instrument creating the trust, and if that declares the trustee is to hold the property unchanged, the Court cannot defeat the intention of the testator under the pretext that the conversion of the estate will promote the interests of the *cestuis que trust. Dart, Vendors & Purchasers,* 70, (1888); *Sugden on Powers,* 335; *Daly vs. James,* 8 *Wheat.,* 536; *Swaine. vs. Denby,* 14 *Chan. Div.,* 326; *Dolan and Foy vs. Mayor, &c. of Baltimore,* 4 *Gill,* 395. The intention of the testator when apparent on the face of his will must be gratified if it be lawful to do so. *Larmour vs. Rich,* 71 *Md.,* 381; *Smithers vs. Hooper,* 23 *Md.,* 284.

In this case the testatrix says that the property shall not be sold until it has reached the price of two hundred dollars an acre, and provides for the possibility of some time elapsing before it will bring that price by the creation of estates in trustees and devisees succeeding each other to the very limits set by the rule against perpetuities.

Courts will carry out the express provisions in the will even though the rights in immediate interest may. suffer. The law has no sympathy for the.objects of testamentary disposition; its sole province is to ascertain the intention of the testator. *Orrick and Wife vs. Boehm, et al.,* 49 *Md.,* 96. The inconvenience or absurdity of a devise is no ground for varying the construction, nor is the fact that the testator did not foresee all the consequences of his disposition a reason for varying it. *Deffls vs. Goldschmidt,* 1 *Mer.,* 417; *Mason vs. Robinson,* 2 *Sim.*

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

*& Stu.,* 295; 1 *Redfield on Wills,* 434. A Court of equity has no power to change the nature and object of a trust. *Dolan and Foy vs. Mayor, &c., of Baltimore,* 4 *Gill,* 406.

The decree passed in 1882, authorizing the sale of the property, and appointing N. Carroll Spence, trustee to make the sale, was set aside by mere petition in the bill of complaint filed in 1891. When the object of a petition is to have the decree reviewed and altered in a substantial and material manner, such application cannot be granted after the term has passed and the decree enrolled. *Williams vs. Banks,* 19 *Md.,* 528; *Burch vs. Scott,* 1 *G. & J.,* 393.

Every decree stands, and must be allowed to stand, for what it purports to be on its face, until it has been revised and reversed in a proper and solemn manner. *Thruston vs. Devecmon,* 30 *Md.,* 217; *Pfeltz vs. Pfeltz,* 1 *Md. Ch. Dec.,* 455; *Burch vs. Scott,* 1 *G. & J.,* 393.

A mere petition to vacate an enrolled decree must be refused. The proper remedy of a party aggrieved by a decree is by a bill to set it aside for fraud, or a bill of review. *Pfeltz vs. Pfeltz,* 1 *Md. Ch. Dec.,* 457; *Tomlinson vs. McKaig,* 5 *Gill,* 256; *Burch, et al. vs. Scott,* 1 *G. & J.,* 393.

*John I. Yellott,* (with whom was *Talbot J. Albert,* on the brief,) for the appellees.

If there was an error in the action of the Court in decreeing a sale of the property as it did, contrary to the restriction upon the power to sell imposed by the will creating the trust, such error could only be corrected by a direct proceeding, such as a bill of review or an appeal by some of the parties to the suit, or, by parties having an interest other than as purchasers under the decree.

The proceedings to set aside and to have cancelled the decree of 1882, was regular and sufficient under the

authorities; yet conceding there was such irregularity as is alleged, the purchasers cannot suffer by it, and it is not for them to have the same corrected by filing exceptions to the ratification of the sale. *Newbold vs. Schlens, et al.*, 66 *Md.*, 590; *Vickers and Wife vs. Tracey,* 22 *Md.*, 198.

The Court below had full power to decree a sale notwithstanding the testamentary restriction upon the right of alienation, and under the peculiar circumstances of this case such a decree was necessary to give any effect to the declarant's intention when creating the trust; in other words, without a sale and conversion of the property devised, the intention of the testatrix would have been entirely defeated.

The apparent intention of the testatrix was to provide an annual income of four hundred dollars for one of her brothers for life, and then to provide for two of her favorite nieces. The property from which this income was to be derived proved to be not merely non-productive, but, not self-sustaining, and, when application was last made for its conversion, the tax-collector was rapidly taking possession of it for the purpose of paying its primary liabilities to the State and county. No one of the beneficiaries of the trust was receiving one cent from the *corpus* of the trust property, and that *corpus* had been partially, and was in danger of being totally, destroyed. Its destruction logically and naturally defeated every expressed intention of the testatrix. To argue that a Court of equity was without power to decree a sale under such circumstances is to argue that the property was beyond the pale of the law, and those interested in it were outlawed.

The declaration of the trust was no more than a restraint upon the power of alienation of those named as the trustees; they, of course, acting upon the powers conferred by the will, could not sell or convert until

they could get the two hundred dollars per acre, and any sale by the trustees named in the will for a less price would have conferred no good title. But, this is not a sale by the trustees. It is a sale made by a Court upon the application and appearance of every person in being having a present or remote interest in the property.

Accepting the declaration of interests as stated in the appellants' brief, and taking as true the conceded facts in the case, the whole question resolves itself into this: Is the law of the land powerless to save for the beneficiaries under Mrs. Brooke's will any portion of her gratuity to them?

It is alleged in the fourth paragraph of the bill in this cause, that the proceedings eventuating in the decree of May 23d, 1882, were irregular for want of proper parties and otherwise. The prayer of the bill, based on the allegations made, *inter alia*, is that the proceeding be dismissed and the decree passed therein be vacated and set aside. The proceeding thus to have said proceeding and decree dismissed and set aside, meets every necessary requirement as to propriety and solemnity. *Herbert vs. Rowles*, 30 *Md.*, 278; *First Nat. Bank of Washington, et al. vs. Eccleston*, 48 *Md.*, 154.

The Court will perceive that this was not a change or alteration of a decree after enrolment, but an application by all the parties to a former suit to have the same dismissed before the decree had been executed, or any rights of third parties had intervened or been affected. Parties to an equity case may have the same dismissed at any time under such circumstances. *Hall vs. McPherson*, 3 *Bland*, 533; *Lovejoy vs. Irelan*, 19 *Md.*, 56; 2 *Daniel's Chancery Practice*, 965.

It is not denied that all living parties having any interest in the property decreed to be sold, were before the Court when the decree was passed, but, the contention is, that as all the parties having a contingent inter-

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

est were not *in esse,* the Court had no power to decree a sale for those in existence.

The point thus made, and the authorities cited in support of it, were good prior to the Act of 1862, ch. 156; Act of 1868, ch. 273, and the codification thereof in Art. 16, sec. 198, of the Code. The question arising in *Downin vs. Sprecher,* 35 *Md.,* 475, and *Shreve & Wife vs. Shreve, et al.,* 43 *Md.,* 182, was met by this legislation, and now a sale may be had upon the application of any of the parties in interest, whether adult or infant, *if all the parties in being* are made parties to the proceeding. It is a concessum in this case that all the parties in interest *in esse* were made parties to the proceeding, and the whole question of non-representation in the proceeding resolves itself into the necessity for a representation of those non-existent. This is not necessary to confer jurisdiction. *Art.* 16, *sec.* 198, *of the Code; Newbold vs. Schlens & Wilkens, Trustees,* 66 *Md.,* 585.

The Court will note that by the conceded facts in this case a sale of the property was for the interest, benefit and advantage of all the parties in interest; there was no possibility of obtaining any such price as two hundred dollars an acre for the same, and the price obtained at the sale was a most excellent one, and all the living parties in interest were parties to the proceeding for a sale.

FOWLER, J., delivered the opinion of the Court.

Mrs. Roberta T. Brooke, a widow, died in 1881 leaving a will duly executed, devising certain real estate in Baltimore County to trustees, "in trust and with authority to sell and convey the same, as soon as the price or sum of two hundred dollars per acre can be obtained therefor, or as soon thereafter, not exceeding one year, as, in the judgment of such trustees it shall be deemed expedient; and the proceeds arising from such sale to invest in some safe security."

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

The testatrix directed that the income from such investment should be paid to her brother S. Decatur Spence, during his life, and after his death, said income was to go to certain other persons.

On the 3rd of April, 1891, the bill in this case was filed in the Circuit Court for Baltimore County by Stephen D. Spence and others against N. Carroll Spence and others for a sale of the land above mentioned. Answers were duly filed by all the parties in being having any interest whatever in said land; and it appears from the bill, answers, and agreed statement of facts that Mrs. Brooke, the testatrix, died without issue in August 1881; that she left a will duly executed to pass real estate, which was duly probated. The land in question was rough and unimproved, and by reason of its roughness and isolated position, it was not valuable. For years it had yielded no income.

It appears that in 1882 a bill was filed in the Circuit Court for Baltimore County, and a decree was passed for the sale of said land, Carroll Spence having been named in said decree as trustee. Having qualified as trustee, Mr. Spence made every effort to sell, but the best offer he secured was less than twenty-five dollars per acre.

In 1887 he resigned as trustee, having been unable to make a sale. Subsequent to the resignation of the trustee, some of the land was sold for taxes, and other portions were about to be sold for the same purpose, when the bill was filed on the 3rd of April, 1891. It is conceded that, in order to make the property of any value to those entitled to it, a sale is necessary, and for the interest, benefit, and advantage of all the parties interested. There was no prospect of being able to get $200 per acre for the land, when the bill was filed nor for years to come; and upon the bill, answers, and evidence a decree was passed for the sale of the land in question, and to set aside and vacate the bill, proceedings and decree of 1882.

Benson and Knecht *vs.* Yellott and Macgill, Trustees.

Acting under the decree of 1891, the trustees therein named sold the land to the appellants Benson and Knecht for seventy dollars per acre, agreeing to give the purchasers a marketable title. · The appellants excepted to the sale,—First, because the proper parties were not before the Court; second, because by the terms of the will of Mrs. Brooke the property was to be sold for a price not less than $200 per acre; and third, because the decree of 1882 was not regularly and validly vacated and set aside by the decree of 1891.

The second and third exceptions go to the regularity and validity of the decree under which the sale excepted to was made to the appellants. But it is well settled that no such question can be raised on an appeal from an order everruling exceptions to and ratifying a sale. *Newbold vs. Schlens and Wilkens, Trustees,* 66 *Md.,* 590.

For if the Court passing the decree has jurisdiction of the parties in interest and of the subject-matter of the suit, its decree will be binding upon all the parties concerned, those *in esse* as well as those unborn, notwithstanding any irregularity in the proceedings, until such decree be reversed or annulled. But whether there be such irregularities or errors in the decree under which the appellants purchased, it is not material here to inquire, for as was said in *Newbold vs. Schlens and Wilkens, ante:* "The principle is now too firmly settled to be questioned, that even if the decree could be reversed for errors or irregularities, whether in respect to the evidence or otherwise, provided the Court had acquired jurisdiction to pass the decree, *a purchaser in good faith under the decree, while it was subsisting and binding the parties thereto, will not be affected by such reversal.*"

The purchaser "is bound, however, at his peril, to see that all proper parties to be bound were before the Court, and that he does not take a title that may be impeached *aliunde.*"

But there can be no question here as to proper parties, for it is conceded that all parties *in esse* having any interest in the land are before the Court, and it therefore follows that those not *in esse* are also bound by the decree.   *Art. 16, sec. 198, of the Code; Newbold vs. Schlens and Wilkens, ante.*

Being of opinion, therefore, that the appellants, as purchasers under the decree of 1891, will take a good and marketable title, we think their exceptions were properly overruled.

*Order affirmed.*

(Decided 7th June, 1892.)