## WILLIAM H. BALLANTYNE et al. *vs.* HARRY WELLES RUSK, Trustee.

*Sale Under Decree for Purposes of Partition—Averments of the Bill.*

Code, Art. 16, sec. 116, authorizes a sale of land owned by two or more persons in common when the same cannot be divided without loss or injury to the parties interested. A bill by one tenant in common against others asking for the sale of certain real estate, for the purpose of partition, alleged that "a partition or division of the property cannot be made without a sale, owing to the nature of the property and the number of tenants in common." *Held*, that the averments of the bill were sufficient and confer jurisdiction, being equivalent to an allegation that a partition in kind was impossible without loss or injury.

Appeal from an order of Circuit Court No. 2, of Baltimore City (HARLAN, C. J.), overruling exceptions to the ratification of the sale reported by the trustee in this cause.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*Alfred J. Carr*, for the appellants.

*D. Eldridge Monroe* (with whom was *Harry Welles Rusk* on the brief), for the appellee.

RUSSUM, J., delivered the opinion of the Court.

The appellant was a purchaser of a parcel of real estate situated on the north side of Gay street, in the city of Baltimore, at a public sale made by the appellee, as trustee, under the decree of the Circuit Court No. 2, of that city. He has excepted to the ratification of the sale upon the ground that the bill of complaint does not set forth sufficient facts to give the Court jurisdiction in that there was no allegation that the property " could not be divided

without loss or injury," or that " it would be for the bene-
fit and advantage " of the infants to have it sold.

The bill was filed by Caroline E. Monroe and David E.
Monroe, adults, against Clara Louisa Monroe and others,
infants, alleging that by Clause No. 2 of the last will and
testament of Edward J. Church, the property mentioned
was devised to one Grape, in trust, for the use of Louisa
Monroe, the mother of the plaintiffs and defendants, for her
life, and from and after her death to the parties plaintiff and
defendant absolutely ; and that the trust had terminated by
the death of the *cestui que trust* in January, 1895.   It then
alleges " that a partition, or division of the property cannot
be made without a sale, owing to the nature of the prop-
erty and the number of the tenants in common, and that
the complainants, being of full age, are entitled to partition."
The prayer is for a sale of the property and a division of
the proceeds among the parties according to their several
interests, and for general relief.

The bill was filed under section 116 of Art. 16 of the
Code, title Chancery, sub-title Partition, which relates to
lands held by descent or by purchase, and owned by infants
alone or by infants and adults jointly ; and the question to
be determined is whether the jurisdiction is to be main-
tained in the absence of an express allegation that the
property cannot be divided " without loss or injury."
Every tenant in common is entitled to the separate enjoy-
ment of his interest in the common property, either by par-
tition or by sale and the division of the proceeds thereof.
Under the statute, which is a modification of the previous
law on the subject, and which was intended to promote the
interests of the parties concerned, if it be alleged and
proved that the estate cannot be divided without loss or
injury to the parties entitled, the Court, instead of ordering
a partition in kind is authorized to decree a sale, and a
division of the proceeds thereof among the parties entitled,
according to their respective interests.   The jurisdiction of
the Court depends on whether the averments of the bill

sufficiently allege that the property cannot be divided without " loss or injury ; " and, if this fact be stated in the bill, it is all that is essential to entitle the party to the aid of a Court of Equity.

In *Earle* v. *Turton*, 26 Md. 23, the averment was that it was " for the interest and advantage of the parties to have the property sold ;" and although the order ratifying the sale was reversed, because there was no proof of the fact on which the jurisdiction depended, this Court did say that notwithstanding the averment was only that it was for " the interest and advantage " of the parties to have the property sold, yet, under the prayer for general relief, the Court could have properly ordered the sale. In *Thurston* v. *Mincke*, 32 Md. 576, the allegation was " that the estate is incapable of a just and equitable partition between the owners thereof, and that it will be for the interest and advantage of all parties concerned that it be sold," and this Court held that while this averment did not pursue the language of the statute, it was, nevertheless, equivalent to a direct allegation that the estate could not be divided without loss or injury to the parties, or some of them. In *Wilson & Hunting* v. *Green*, 63 Md. 547, the averment in the bill was " that the said real estate is not susceptible of division and cannot be divided without greatly impairing the value of said real estate," and this Court held that although not in the precise words of the statute, the whole meaning of the statute is expressed, and that the bill came fully up to its requirements in respect to jurisdiction.

In this case the bill avers " that a partition or division of the property *cannot be made without a sale*," because of " *the nature of the property*, and the number of the tenants in common." Now, whilst this averment does not follow the language of the statute, it nevertheless expresses its whole meaning. The allegation that the property " cannot be divided without a sale " can have but one meaning, and that is that a partition in kind is impossible, without virtual destruction of the property. That " loss or injury " to the

parties, or some of them, is the natural sequence of an attempt to partition, in kind, that which cannot be divided without a sale, is too plain for discussion. The averment in this bill expresses the whole meaning of the statute in a very emphatic manner.

The only question before us being on the jurisdiction of the Court upon the averments in the bill, and being of opinion that it contains all the jurisdictional facts required by the statute, the order ratifying the sale will be affirmed.

*Order affirmed.*