# CIRCUIT COURT OF BALTIMORE CITY.

Filed May 1, 1912.

### THE PROVIDENT REALTY CORPORATION
### VS.
### CARLILE P. WOODALL.

C. Alex. Fairbank, Jr., and Thomas R. Marshall for plaintiff.
Alex. H. Robertson for defendant.

BOND, J.—

The defendant resists specific performance of his contract to purchase the land in controversy on the ground that a trustees' sale, back in the chain of title, in 1909, made under the assumed authority of Section 213 of Article 16 of the Code. (1904) was in fact made without a decree passed at that time, upon sufficient proof, finding it advantageous to all persons concerned that sale should then be made. A good, merchantable title could have been given only under the statute referred to, and if the sale was not made in compliance with its requirements, the defendant cannot be compelled to accept the title as it stands.

In the case of George R. Vickers, et al, trustees, vs. William H. Collins Vickers, et al (A. 22-192), a general decree for sale by the trustees of this and other property was passed in 1883. The sale objected to was made by the trustees in that case in 1909, without any intervening application to the court for further authority, other than that of an order ratifying the sale when reported, and without taking further testimony to satisfy the court that the particular sale would be advantageous to all persons concerned.

The decree passed in 1883 provided that:

"The said trustee be, and he is hereby authorized and empowered to sell or lease on rents redeemable or irredeemable any of the * * * vacant or unimproved land belonging to the said trust estate situate either in Baltimore city or Baltimore county or elsewhere, but all such sales or leases on redeemable rents hereby last authorized * * * shall be subject to the approval and ratification of this court, and shall from time to time be reported by the trustee for its consideration."

On the authority of the decisions in Ball vs. Safe Deposit and Trust Company, trustee, 92 Md., 503, and Preston vs. Safe Deposit and Trust Company, trustee, Daily Record of July 3, 1911, this decree of 1883 is objected to as beyond the court's jurisdiction, and

insufficient to give the trustee the authority intended by Section 213 of Article 16 of the Code. The defendant urges that those decisions require that the advantage of each particular sale by the trustees, at the particular time when it is made shall be shown by testimony and determined by a decree, passed at that time. He regards these decisions as denying jurisdiction to decree a sale, under the statute in question, to be made at some future time to be determined exactly by the trustee, or to decree a campaign of sales from time to time in the future, as the market may warrant.

It is further urged that the decree in the Vickers case, whatever may be the jurisdiction upon sufficient proof, was not passed upon proof sufficient to show the advantage of such sale.

Taking up the first objection, I think the Ball and Preston cases decide only that in the original decree for sale passed, so to speak, in the view of the parties summoned, the court shall determine the advantage of sale. In the Ball case the parties were, at that stage, dismissed with a decree that the court would later take up and determine this question of advantage in respect to sale and would then direct the trustee accordingly. It is only this determination that must come in the original decree.

In the Preston case the decree below left the question of the advantage of sale to the later determination of the trustee.

I have not been able to agree that these decisions are to be construed to forbid as beyond the jurisdiction of the court and inadequate under Section 213, a decree that it is advantageous that the trustee shall sell in the future as opportunity may offer, or sell in the course of a campaign lot by lot, as modern suburban property is frequently disposed of, thus leaving the specific time or times of consummating sale to future developments.

There has been a widespread practical construction of this statute to the contrary. And in Bolgiano vs. Cooke, 19 Md., 375, which arose upon a bill for the sale of infants' real estate under a statute (now Sec. 57 of Art. 16, Bagby's Code) which required exactly the same allegation and proof that the sale would be advantageous, a sale effectuated eight years after the decree was passed, was apparently not regarded as questionable by reason of that fact, either by the court or by counsel.

A contrary conclusion would require that all parties then in being be brought into court, testimony be taken, and a new decree be passed for each sale of a portion of the property—practically a new equity suit as to each piece of property sold in installments. Such would be the express requirements of the statute upon the construction contended for. Yet it would hardly serve any useful purpose if all that were required, and would, on the contrary, impose almost a prohibitive burden upon a business-like development and disposition of real estate by a trustee. I have concluded that the statute is not so to be construed.

As to the question of the sufficiency of proof upon which the decree objected to was passed there was testimony taken on the point of advantage of the sale, and I think it was sufficient. But whether sufficient or not, it is established law that, given clear jurisdiction in the court over the parties then in being, which is not here disputed, no question of sufficiency of proof to sustain the decree passed or even of the existence of any proof, can be raised in a collateral proceeding, or in any way other than by appeal in the original proceeding itself.

Newbold vs. Schlens, 66 Md., 585.

Benson vs. Yellott, 76 Md., 159, 168.

Bolgiano vs. Cooke, 19 Md., 375.

Long vs. Long, 62 Md., 62.

Gregory vs. Lenning, 54 Md., 51, 57.

A decree will be signed requiring specific performance in accordance with the prayers of the bill of complaint.