# TRUSTEES OF THE SAMUEL READY SCHOOL FOR FEMALE ORPHANS

*vs.*

# SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, Trustee.

*Sales in equity: mere irregularities; when immaterial where
Court has jurisdiction; sales long after decree. Sale or
partition in equity: trustee proper party.
Sale or partition under sec. 228
of Art. 16 of Code; suffi-
ciency of aver-
ments.*

Where a court of equity has jurisdiction of the subject-matter and the parties, a mere irregularity in the proceedings under which a sale is made by a trustee appointed by the Court, will not be inquired into or deemed sufficient to sustain the exceptions to the sale by a purchaser, if such irregularities do not in any way affect the purchaser's title. p. 518

A will provided for three trustees; on their resignation a court of equity of competent jurisdiction appointed one trustee to make sale of the property; *held,* that the objections of a purchaser at a sale of the property under such decree to the ratification of sale could not be inquired into, when the Court had full jurisdiction over the subject-matter and the parties.

p. 518

A trustee holding the legal title is a proper party to file a bill for a partition or sale for the purpose of division, and the mere lapse of time between the date of the decree and the sale will not, in general, be sufficient grounds for setting the sale aside. p. 521

On petition for a partition, or sale and division, of trust property, a decree directed the sale of all certain lots, including

ground rents, when it should be deemed most advantageous, with leave to report to the Court from time to time for approval any sales of all or any of the property; the trustee was appointed to receive from the owner of the leasehold interest the redemption money for the reversionary interest in any lots where the rents were or might be redeemable, and to execute deeds to extinguish the rents; *held*, that the Court having jurisdiction of the parties and the subject-matter, and the trustee being required to bring the money into Court for distribution, the decree was binding on all parties interested, whether *in esse* or not, and that the sale of a ground rent so made was not subject to exception by the purchaser, even though the sale was made long after the sale of the other property.                    p. 521

What averments are sufficient to give a court of equity jurisdiction, upon a bill for a sale or partition under section 228 of Article 16 of the Code of 1912.                    p. 519

*Decided June 26th, 1913.*

Appeal from the Circuit Court of Baltimore City (ELLIOTT, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Wilton Snowden, Jr.,* for the appellant.

*John Hinkley,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court for Baltimore City overruling exceptions to a sale of a ground rent of $2,000 per annum, issuing out of a lot, situate on Boston street, in the City of Baltimore, and ratifying and confirming the sale.

The sale was made by the appellee, as trustee, to the appellant, on the 21st of February, 1913, for the sum of thirty-nine thousand dollars, under a decree of Court passed on the 10th day of May, 1898, in the case entitled, the *Safe Deposit and Trust Company of Baltimore, Trustee,* v. *Kensett et als.*

In the report of sale made by the trustee, it is stated, that the trustee has sold all of the property mentioned in these proceedings, and has continuously endeavored to sell the rent but has been unable to sell the same at an adequate price; that subject to the ratification by the Court, a private sale has been made to the appellant of the ground rent for the sum of $39,000 to be paid in cash upon the ratification of the sale; that the price is a fair and adequate one, and is more than could be obtained at public sale, and that it is to the benefit, interest and advantage of all persons interested that the sale be ratified and confirmed. There was filed with the report a certificate of two real estate brokers, as to the adequacy of price at which the ground rent was sold.

The objections to the ratification of the sale are based upon the following grounds:

(1) Because the trustee cannot give a good and merchantable title to the property;

(2) That the appointment of the Safe Deposit and Trust Company as sole and substituted trustee was in violation of the provision of the testator's will, which provided that the number of trustees should always be three, and, even if the substitution be valid the appellee was not a proper party to institute the partition proceedings.

(3) Because the jurisdictional averments contained in the bill are not sufficient to bind unborn persons and the case is not therefore brought under the Acts of 1862 (Chap. 156) and 1868 (Chap. 273), section 198, Article 16 of the Code of 1888, as stated by the Auditor and Master in Chancery.

(4) Because the decree under which the property was sold is too old, having been passed nearly fifteen years ago, and was not a decree for sale and immediate re-investment of

the property, but was intended to operate in the future and is not now a valid and subsisting decree.

It will be seen that the objections relate to, and are based upon, the form and validity of the proceedings adopted by the trustee prior to the decree and not in any way to the title of the testator, Mr. Kensett, the owner of the property or those from whom he acquired the property.

Some of the objections, in our opinion, are not open for review and cannot be regarded as sufficiently jurisdictional to defeat the sale under the decree, or to require the appellee to procure a new decree in order to accomplish the same result, as has been obtained here. *Hamilton* v. *Traber,* 78 Md. 28; *Wicks* v. *Wicks,* 98 Md. 308; *Slingluff* v. *Stanley,* 66 Md. 220.

The property here in question, and the decree for its sale, were before this Court in *Kensett* v. *Safe Deposit and Trust Company,* 116 Md. 526, and while the objections here raised were not directly presented, the decree was treated in that case as a valid and subsisting decree, and it was held that the parties in that case would be bound by the decree.

Whether the appointment by the Court in 1889 of the Safe Deposit and Trust Company as trustee upon the resignation of the three trustees named in the will was a proper compliance with the sixteenth clause of the will, is not a matter which can affect the appellant on this appeal.

The sale was made by the appellee, as a specially appointed trustee under the decree of 1898, and not under its substitutional appointment in 1889. The Court had the undoubted power to appoint less than three trustees to make the sale.

The substituted trustee appears to have been properly appointed under section 94 of Article 16 of the Code, and if the Court had jurisdiction of the subject-matter and the parties a mere irregularity in the proceedings, will not be enquired into or deemed sufficient to sustain exceptions on the purchaser's appeal, because they do not in any manner affect the title of the purchaser. *Taylor* v. *Monmonier,* 120

Md. 101; *Jencks* v. *Safe Deposit Co.,* 120 Md. 626; *Offutt* v. *Jones,* 110 Md. 233; *Kennard* v. *Bernard,* 98 Md. 513; *Sloan* v. *Safe Deposit Company,* 73 Md. 239; *Newbold* v. *Schlens,* 66 Md. 587; *Benson* v. *Yellott,* 76 Md. 159.

The bill appears to have been filed under Article 16, section 198 of the Code of 1888, now section 228 of Article 16 of Bagby's Code, and we think its averments were sufficient to give the Court jurisdiction to pass the decree.

The prayer of the bill was in the alternative for partition or sale of the real estate, if the same shall be found beneficial. It is as follows: That a sale or sales may be made of the lots of ground and improvements in Baltimore City, and the proceeds divided under the direction of the Court or that partition of some or all of them, may be made if the same shall be found beneficial. There was also a prayer for general relief.

The object of the bill was, to have the property partitioned, and if not susceptible of partition without loss or injury, then to have it sold.

In *Ballantine* v. *Rusk,* 84 Md. 650, a bill containing somewhat similar averments was held to contain the necessary jurisdictional facts required by the statute. *Scarlett* v. *Robinson,* 112 Md. 206; *Campbell* v. *Lowe,* 9 Md. 500; *Murphy* v. *Coale,* 107 Md. 199.

The proof was to the effect, that the real estate was not susceptible of advantageous division without loss and injury, and it would be to the benefit and advantage of all parties, that the same should not be divided, but should be sold.

The decree itself provides:

"1. That this Court will now take jurisdiction in this case of the administration of the trust created by the 12th clause of the will of Thomas Kensett.

2. It appearing to the Court that the real estate which consists of the lots of ground and improvements in Baltimore City, including the lot in the annex and including the several reversionary interests, are not susceptible of partition with-

out loss and injury, and that a sale of the said property and a division of the proceeds, under the direction of this Court, will be for the benefit, interest and advantage of all the parties interested therein. That all and each of said lots and reversionary interests be sold, and that the Safe Deposit and Trust Company of Baltimore be and it is hereby appointed trustee to make said sale, and as to any sale so made, the course and manner of its proceedings shall be as follows:"

In *Ball* v. *Safe Deposit and Trust Co.,* 92 Md. 503, and *Levering* v. *Gosnell,* 115 Md. 582, relied upon by the appellant, the decrees were different from the one here and they were decided upon a different state of facts. In *Ball's Case, supra,* we held that the decree was not in compliance with the statute because it provided for the future sale of a ground rent, not mentioned in the proceedings, and it was not shown that the sale was advantageous to the parties in interest at the time it was made.

In the *Levering Case, supra,* it was held the Court had no jurisdiction to decree the sale of the ground rent because the bill contained no prayer for a sale nor any of the jurisdictional allegations required by the statute.

By the decree in the case at bar, all and each of the lots, including the ground rent in question are directed to be sold. It provides, that the trustee shall sell any or all of said lots and reversionary interests at public or private sale, at such times as it may deem most advantageous to the trust estate and persons interested therein, and with leave to the trustee to report to the Court for its approval and ratification any sale or sales of any portion or all of said property upon such other terms as may be found to be proper, and with leave to the said trustee, "to hereafter apply for a partition of any part ·or all of the said real estate, if the same shall hereafter be found beneficial, and said trustee hereby appointed is also empowered to receive from the owners of the leasehold interest the redemption money for the reversionary interest in any of said lots

where the rents are now, or may be redeemable, and to execute to them a good and sufficient deed or deeds to extinguish the said rent or rents, and thereupon to bring the said funds. into this Court for distribution after deducting its commissions and all costs incurred."

The trustee states in the report that it has sold all of the property mentioned in the proceedings and has continuously endeavored to sell this rent, but has been unable to sell the same at an adequate price until the present time. The trustee is required by the decree to bring the money arising from the sale into Court to be distributed under its direction and as the Court had jurisdiction of the parties and the subject matter, it seems clear that the decree is binding upon all parties interested, those not *in esse,* as well as those now in being. This being so, it is not open to the objections urged on this appeal. *Downes* v. *Friel,* 57 Md. 531; *Vickers* v. *Tracey,* 22 Md. 199; *Porter* v. *Askew,* 11 G. & J. 347; *Hamilton* v. *Traber,* 78 Md. 26.

The trustee holding the legal title is a proper party to file a bill for a partition or sale for the purposes of division and the mere lapse of time between the date of the decree and the sale, on the facts of the case, is not sufficient to set aside the sale. *Davis* v. *Helbig,* 27 Md. 452; *Benson* v. *Yellott,* 76 Md. 159; *Perrin* v. *Keithley,* 9 Gill, 412; *Bolgiano* v. *Cooke,* 19 Md. 375; *Harrison* v. *Harrison,* 1 Md. Ch. 331; *Krone* v. *Linville,* 31 Md. 138.

In the present case, we find nothing on the record, or in the exceptions filed herein, to show that there is any defect in the title decreed to be sold, and as we are of the opinion that the purchaser will take a good and merchantable title, the order of the Court below overruling the exceptions and ratifying and confirming the sale will be affirmed.

> *Order affirmed, the costs to be paid out of the fund.*